**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 12-4059**

UNITED STATES OF AMERICA,

              Plaintiff – Appellee,

        v.

MAURICE BURRELL,

              Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington.  Malcolm J. Howard, Senior District Judge.  (7:11-cr-00079-H-1)

Submitted:  December 6, 2012        Decided:  December 20, 2012

Before MOTZ and DUNCAN, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Geoffrey W. Hosford, HOSFORD & HOSFORD, P.C., Wilmington, North Carolina, for Appellant.   Thomas G. Walker, United States Attorney, Jennifer P. May-Parker, Yvonne V. Watford-McKinney, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Maurice Burrell appeals the sixty-four-month sentence imposed following his guilty plea to possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (2006). On appeal, Burrell argues that the district court erred in applying a four-level enhancement pursuant to U.S. Sentencing Guidelines Manual ("USSG") § 2K2.1(b)(6) (2011), when Burrell could not have received a sentence in excess of one year for his underlying conduct. Finding no error, we affirm.

Section 2K2.1(b)(6) provides for a four-level enhancement "[i]f the defendant . . . used or possessed any firearm or ammunition in connection with another felony offense." USSG § 2K2.1(b)(6)(B). "'Another felony offense', for purposes of subsection (b)(6)(B), means any federal, state, or local offense . . . punishable by imprisonment for a term exceeding one year, regardless of whether a criminal charge was brought, or a conviction obtained." USSG § 2K2.1 cmt. n.14(C). "In considering the district court's application of the Sentencing Guidelines, we review factual findings for clear error and legal conclusions *de novo*." United States v. Mehta, 594 F.3d 277, 281 (4th Cir. 2010).

Here, the district court determined that Burrell possessed marijuana with the intent to distribute, conduct amounting to a violation of 21 U.S.C. § 841(a)(1) (2006), which

2

is punishable by more than one year's imprisonment.  See 21 U.S.C.A. § 841(b)(1)(D) (West Supp. 2012).  We conclude that the district court did not err in its determination because the possession of a significant amount of drug-packaging paraphernalia and an electronic scale supports the finding that Burrell intended to distribute the marijuana.  See United States v. Harris, 31 F.3d 153, 156-57 (4th Cir. 1994); United States v. Fisher, 912 F.2d 728, 730 (4th Cir. 1990).

Even assuming, as Burrell contends, that he possessed the marijuana for personal use, his conduct violated 21 U.S.C. § 844(a) (2006), and the maximum sentence he would have faced, taking into account his prior convictions, is three years' imprisonment.  Thus, on the record before us, we conclude that the district court did not err in applying the sentencing enhancement.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED

3